**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER L. HARRIS,

        Petitioner,

vs.                                         Case No.    3:10-cv-792-J-32TEM
                                                                 3:07-cr-56-J-32TEM

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). The Government filed a response in opposition (Doc. 5), to which Petitioner has filed a reply (Doc. 6). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**I. Background**

Petitioner was charged with one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Crim. Doc. 1).[1] On May 24, 2007, Petitioner entered a plea of guilty pursuant to a written plea agreement, wherein he had admitted to possession of 18.6 grams of cocaine base. (Crim Docs. 27, 29). On November 27, 2007, Petitioner was sentenced to a mandatory minimum sixty-month term of imprisonment. (Crim. Doc. 50).

---

    [1] Citations to Petitioner's criminal case file, 3:07-cr-56-J-32TEM, are denoted as "Crim. Doc. ___." Citations to Petitioner's civil § 2255 case file, 3:10-cv-792-J-32TEM, are denoted as "Doc. ___."

Pursuant to the terms of his plea agreement, no direct appeal was filed. However, on March 3, 2008, Petitioner filed a motion to reduce sentence under 18 U.S.C. § 3582(c) (Crim. Doc. 53), which this Court denied. (Crim. Doc. 56). Now, more than three years after he was sentenced, Petitioner has filed the instant § 2255 motion.[2]

**II. Discussion**

On August 3, 2010, President Obama signed the Fair Sentencing Act, Pub. L. No. 111-220, Stat. 2372 (2010)("FSA"), which took effect the following day. The FSA amends section 841(b)(1)(B)(iii) to provide that an offense under section 841(a)(1) must involve 28 grams or more of crack cocaine to carry a minimum sentence of five years and a maximum sentence of forty years in prison, increasing the former threshold amount from 5 grams. Petitioner, who admitted to possession with intent to distribute 18.6 grams (an amount greater than the previous five year minimum mandatory threshold of 5 grams but less than the new threshold of 28 grams), seeks a reduction of his sentence based upon this new law.

Unfortunately for Petitioner, the Eleventh Circuit has held that the FSA's amendments do not apply to crimes committed before the FSA was enacted. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010). "[B]ecause the FSA took effect in August 2010, after [petitioner] committed his crimes, 1 U.S.C. § 109 bars the [FSA] from affecting his punishment." Id. As the FSA is not retroactive, this Court has no authority to alter Petitioner's sentence. Accordingly, it is hereby

---

[2] As the government does not challenge the timeliness of Petitioner's § 2255 motion, the Court will assume timeliness in ruling on the petition.

**ORDERED:**

1. Christopher L. Harris' Motion to Vacate, Set Aside Sentence, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Christopher L. Harris, and close the file.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:
counsel of record
pro se party